IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERISOURCEBERGEN DRUG CORP., | : | CIVIL ACTION |
| Plaintiff, | : | NO. 10-6087 |
| | : | |
| v. | : | |
| | : | |
| ALLSCRIPTS HEALTHCARE, LLC and A-S MEDICATION SOLUTIONS, LLC, | : | |
| Defendants. | : | |

**MEMORANDUM**

**JONES, II, J.**                                                                                                          **July 29, 2011**

Plaintiff AmerisourceBergen Drug Corporation ("ABDC") brings this action against Defendants Allscripts Healthcare, LLC ("Allscripts") and A-S Medication Solutions, LLC ("ASMS"), alleging breach of contract and breach of account stated, as well as unjust enrichment, arising from Defendants' failure to honor a pharmaceutical sales arrangement between the parties. Allscripts has filed a motion to dismiss ABDC's claims against it (Counts I, II and III), pursuant to Rule 12(b)(6) (Dkt. No. 3 ("Motion")). For the reasons set forth below, I will deny Allscripts' Motion in part and grant it in part.

**I.      BACKGROUND**

The Complaint alleges that ABDC entered into a Prime Vendor Agreement ("PVA") with Allscripts, dated September 1, 2007, under which Allscripts agreed to purchase pharmaceutical products from ABDC. (Compl. ¶ 6.) ABDC then shipped pharmaceuticals to Allscripts on credit and invoiced Allscripts for those pharmaceuticals. Allscripts purchased pharmaceuticals from ABDC using nine different account numbers (the "Allscripts Accounts"). (Compl. ¶¶ 7-8.)

On March 9, 2009, Allscripts, ASMS and ABDC entered into an Assignment Agreement whereby ABDC consented "to Allscripts' Assignment of all of its obligations and delegation of all its duties under the PVA, and ASMS agree[d] to accept such assignment and delegation." (Ex. A to Motion (the "Assignment Agreement") at ¶ 1; Compl. ¶ 10.) According to ABDC, ASMS "assumed the obligations for Allscripts Accounts from Allscripts when it entered into the Assignment Agreement." (Compl. ¶ 10.)

Following the execution of the Assignment Agreement, ABDC shipped pharmaceuticals to ASMS on credit and invoiced ASMS for the pharmaceuticals purchased. ASMS purchased pharmaceuticals from ABDC using ten different account numbers (the "ASMS Accounts"). (Compl. ¶¶ 11-12.) By June 18, 2010, the Allscripts Accounts were in arrears in the amount of $165,272.88 and the ASMS Accounts were in arrears in the amount of $150,126.04. (Compl. ¶¶ 20-21.) On October 4, 2010, ABDC commenced an action against Allscripts and ASMS in the Court of Common Pleas of Chester County, Pennsylvania. On November 8, 2010, Allscripts timely removed the action to this Court on the basis of diversity jurisdiction.[1] Allscripts now moves to dismiss all counts against it, arguing that (1) the Assignment Agreement releases Allscripts from its contractual liabilities to ABDC; and (2) ABDC cannot plead an unjust enrichment claim because the relationship

---

[1] In its opposition to Allscripts' Motion ("ABDC Opp."), ABDC notes that ASMS did not join in the removal with Allscripts and as such, removal to this Court is defective. (ABDC Opp. (Dkt. No. 4) at 1 n.1 (citing *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.3 (3d Cir. 1995); *McCarrie v. GCA Svcs. Group, Inc.*, No. 10-531, 2010 WL 1741353, *4 (E.D. Pa. Apr. 29, 2010).) Be that as it may, ABDC has not moved to remand this action to state court on the basis of any alleged defect in removal, and this Court is not authorized to remand it *sua sponte* due to procedural defects in removal. *FMC Corp. Packaging Sys. Div. v. Medtronic Inc.*, 208 F.3d 445, 451 (3d Cir. 2000) (non-jurisdictional objections to removal may be waived; a "remand on the court's own motion may deprive both sides of their preferred forum") (quoting *In re Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994)).

between the parties is based on a written contract.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949; accord *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

## II. DISCUSSION

### A. Contracts Claims

Allscripts contends that the Assignment Agreement precludes any contract claim by ABDC against Allscripts, because the Assignment Agreement states that (1) "Allscripts assigns 'all of its obligations' and delegates 'all of its duties under'" the PVA to ASMS; (2) "'ASMS agrees to accept such assignment and delegation;'" and (3) "ABDC expressly 'consents to' Allscripts' transfer of all

obligations and duties" to ASMS. (Motion at 7 (quoting Compl. ¶ 1).) Allscripts characterizes this language as "clearly provid[ing] for the acceptance or assumption of [Allscripts'] liabilities" to ABDC by ASMS. (Motion at 7.)

It is true that Pennsylvania law "allows liability to be transferred from one contracting party to another so long as the assumption language is clear and specific." *Goodman v. Challenger Int'l, Ltd.*, Civ. No. 94-1262, 1995 WL 402510, at *4 (E.D. Pa. July 5, 1995). However, the assignment and delegation language here fails to provide the degree of clarity and specificity required to release Allscripts from its liabilities. Indeed, the Agreement states that ASMS "is scheduled to acquire certain assets and take assignment of *certain* liabilities of Allscripts...and therefore ASMS wishes to take assignment of the PVA from Allscripts." (Assignment Agreement ¶ B (emphasis added).) This distinction suggests that the parties did not consider Allscripts' assignment of the PVA to ASMS to be equivalent to its assignment of other liabilities. *See Monarch Life Ins. Co. v. Estate of Tarone*, No. 09-734, 2010 WL 331703, at *4 (E.D. Pa. Jan. 26, 2010) (valid release where agreement explicitly addressed how "[a]ssignee may fund the liabilities it assumes") (citing *Commonwealth v. Manor Mines, Inc.*, 565 A.2d 428, 432 (Pa. 1989) (court is to give effect to all contract provisions)).[2]

---

[2] Allscripts cites *Goodman v. Challenger Int'l, Ltd.*, 1995 WL 402510 in support of its argument that Allscripts successfully transferred its liabilities here to ASMS with ABDC's consent. However, in *Goodman*, which dealt with product liability claims, the agreement at issue explicitly stated that the assignee "agree[d] to assume and guarantee the payment, performance and discharge of, and agree[d] to indemnify and hold [the assigning party] harmless against any product liability claim or litigation relating to products manufactured or sold by the [assigning party] or any of its predecessors." *Id.* at *1. Here ABDC alleges that "ASMS assumed the obligations for Allscripts Accounts from Allscripts" in its Complaint (¶ 10), but that characterization does not express an assumption of *liabilities*, and in any event, it cannot transform the language of the Assignment Agreement itself. *Cf. Girard v. Allis Chalmers Corp.*, 787 F. Supp. 482, 488-89 (W.D. Pa. 1992) ("[W]hen an agreement provides for assumption of 'all debts, obligations and *liabilities*,' it also transfers direct responsibility for contingent product liability claims unless they are expressly excluded." (emphasis added)).

The Court is unable to "determine the intent of the parties at the time they made the contract," such as to discriminate between the liabilities incurred by Allscripts prior to and subsequent to the execution of the Assignment Agreement, or even to find that the parties intended to release Allscripts from any liabilities to ABDC at all. *See Monarch*, 2010 WL 331703, *4 (citing *Manor Mines*, 565 A.2d at 432); *see West Penn Admin. v. Pittsburgh Nat'l Bank*, 433 A.2d 896, 902 n.18 (Pa. Super. 1981) ("Unlike a release, an assignment does not represent a settlement of claims, but rather a transfer thereof. The parties to an assignment, therefore, are not deluded by the assumption that the assignment terminates all claims."). In addition, while the Assignment Agreement notes ASMS' assumption of "certain liabilities" from Allscripts, ABDC consented only to Allscripts' assignment of "all of its obligations and delegation of all of its duties under the PVA to ASMS"–not the assignment of any liabilities *per se*. *Compare* Assignment Agreement ¶ B *to* ¶ 1; *cf. Caldwell Trucking PRP v. Rexon Tech. Corp.*, 421 F.3d 234, 243 (3d Cir. 2005) (finding that party assumed liability in contract based on contract's use of words "assume" and "liability"); *Aluminum Co. of Am. v. Beazer East, Inc.*, 124 F.3d 551, 566 (3d Cir. 1997 (same).[3]

ABDC's consent to the Agreement, as well as its subsequent allegation that ABDC "assumed the obligations for Allscripts Accounts from Allscripts," does give the Court pause; it is difficult to imagine that ABDC did not in fact intend to consent to ASMS' assumption of Allscripts' liabilities.

---

[3]Allscripts also argues that liability against both ASMS and Allscripts "is not, or at the least should not be, 'possible.'" (Motion at 8 (quoting *Bippus v. Norton Co.*, 437 F. Supp. 104, 105 n.1 (E.D. Pa. 1977).) Unless ABDC expressly discharged Allscripts, however, ABDC retains a claim against both Allscripts and ASMS until it recovers any debt owed, although it is ultimately "entitled to only one satisfaction." John D. Calamari and Joseph M. Perillo, THE LAW OF CONTRACTS–HORNBOOK SERIES § 18-26 (3d ed. 1987); *cf. Bippus*, 437 F. Supp. at 105. n.1 (where sales agreement expressly transferred products liability risk to third party, only that third party may be found liable).

However, the Assignment Agreement simply does not make clear the reach of the consent, and the Court cannot do the reaching itself.  Furthermore, even if the parties' language were more explicit, the Court's figurative hands would be bound; without an allegation of consideration, any release remains invalid.  *Milner Hotels, Inc. v. Interstate BJ Ltd.*, 1995 WL 263544, at *2 (E.D. Pa. May 2, 1995) (for a release to be valid under Pennsylvania law, "it must be for consideration and must be accompanied by a signed statement that the signer intends to grant the release").  Aside from failing to provide satisfactory proof of intent to release the Allscripts from its liabilities to ABDC, the Assignment Agreement does not identify any consideration for such release.  Accordingly, the Court will deny Allscripts' Motion to Dismiss ABDC's claims against it for breach of contract and breach of account stated (Counts I and II).

    B.    **Unjust Enrichment Claim**

In the alternative to its contract claims, ABDC has pleaded unjust enrichment.  Allscripts urges the Court to dismiss this claim against it as well, on the grounds that where a relationship between parties is founded on a written agreement or express contract, the parties are not entitled to any quasi-contractual relief. (Motion at 6 (citing *Constar, Inc. v. Nat'l Distrib. Ctrs., Inc.*, 101 F. Supp. 2d 319, 324 (E.D. Pa. 2000)).)  ABDC, in turn, argues that Allscripts has confused the ability to *plead* alternative causes of action with the ability to *recover* on those causes.  (ABDC Opp. at 7.)

Parties are indeed permitted to pursue alternative theories of recovery based on both breach of contract and unjust enrichment.  *Cornell Co. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 265 (E.D. Pa. 2007); *Constar*, 101 F. Supp. 2d at 324 (E.D. Pa. 2000).  However, that permission turns on whether there is any question as to the validity of the contract in question.  Here neither party contests the validity of the PVA, and any recovery would be determined on the basis of that

contract alone, precluding an unjust enrichment claim.[4]  Therefore, under the circumstances presented here, dismissal of ABDC's unjust enrichment claim against Allscripts (Count III) is warranted.

### III.    CONCLUSION

For the foregoing reasons, the Court will deny in part and grant in part Defendant Allscripts' Motion to Dismiss.  The Court will retain ABDC's claims for breach of contract and account stated against Allscripts (Counts I and II), but dismiss ABDC's claim for unjust enrichment against Allscripts (Count III).  An appropriate Order follows.

---

[4] *See Sheinman Provisions, Inc. v. Nat'l Deli, LLC*, No. 08-0453, 2008 WL 2758029, at *4 (E.D. Pa. July 15, 2008) (dismissing unjust enrichment claim where "agreement at issue is a fully integrated contract and, by its terms, it governs the entire relationship of the parties") (citing *United States v. Kensington Hosp.*, 760 F. Supp. 1120, 1135 (E.D. Pa.1991) (alternative claim for unjust enrichment allowed where plaintiff claimed breach of contract; contract at issue only encompassed a part of the relationship between parties)); *Harold ex rel. Harold v. McGann*, 406 F. Supp.2d 562, 578 (E.D. Pa. 2005) (dismissing unjust enrichment claim pleaded in alternative to breach of contract claim where neither party contested the contract between them); *Promark Realty Group, Inc. v. B&W Assocs.*, No. 02-1089, 2002 WL 862566, at *4 (E.D. Pa. May 1, 2002) (dismissing unjust enrichment claim because while "in general, parties are permitted to plead in the alternative...[c]ourts have...dismissed *quantum meruit* claims due to the presence of a valid contract, despite acknowledging this general rule" (internal citation omitted)); *cf. Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 449-50 (Pa. 1969) (unjust enrichment claim allowed to proceed where contract claim was dismissed because no contract existed between parties).